# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **CHRISTIAN DAHIN PERALTA ESTRADA** | **CIVIL ACTION NO. 25-2148 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **SHAD RICE ET AL** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM ORDER

Before the Court is Petitioner's Motion for Temporary Restraining Order ("Motion") (R. Doc. 4) filed by habeas Petitioner, Christian Dahin Peralta Estrada ("Petitioner"). After careful consideration of Petitioner's submissions and the applicable law, the Motion is **DENIED**.

The limited record before the Court indicates that Petitioner entered the United States without inspection in 1999.[1] Petitioner has no criminal history and has had no prior issues with law enforcement while residing in the United States.[2] Petitioner has also fathered two children who were both born in the United States.[3] However, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") officials on October 31, 2025.[4] It is unclear from Petitioner's Motion what his country of citizenship is, where he resided, or where he was arrested. But Petitioner is

---

[1] R. Doc. 1 at 5; *see also* R. Doc. 4-1 at 7.
[2] *See id.*
[3] *See* R. Doc. 1 at 5; *see also* R. Doc. 4-1 at 7.
[4] R. Doc. 4-1 at 7.

currently detained at the Central Louisiana ICE Processing Center located in Jena, Louisiana.[5]

On December 30, 2025, Petitioner filed his Habeas Petition (R. Doc. 1), followed by the instant Motion on January 6, 2026. Both filings seek an individualized bond hearing; however, the Motion also seeks to enjoin Respondents from removing Petitioner from the Western District of Louisiana.[6]

An applicant for a Temporary Restraining Order must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest.[7] The decision of whether to grant or deny a TRO lies in the district court's discretion.[8] And courts should deny such motions more often than not.[9]

As to enjoining Respondents from removing Petitioner from this district, Petitioner fails to satisfy the first element required for this Court to grant the Motion. Federal Rule of Civil Procedure 65 requires Petitioner to show that immediate or irreparable injury, loss, or damages would occur absent an ex parte order from this

---

[5] R. Doc. 1 at 5.
[6] *See* R. Doc. 1 at 10; *see also* R. Doc. 4 at 2.
[7] *See Misquitta v. Warden Pine Prairie ICE Processing Center*, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)).
[8] *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017).
[9] *See Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 1:25-CV-00706, 2025 WL 2429087, at *2 (W.D. Tex. May 20, 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *see also Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Court.[10] Petitioner merely concludes that this "Court [should] enjoin Respondents from transferring Petitioner outside of the Court's jurisdiction."[11] Otherwise, Petitioner has not alleged facts showing that a transfer would cause immediate or irreparable harm, nor has Petitioner provided any authority for the Court to enjoin Respondents from transferring Petitioner. Further, a federal court's jurisdiction is "not destroyed by the transfer of [a] petitioner" as "jurisdiction attache[s]" upon the filing of a habeas petition.[12] The fact that Petitioner may arrive at a new facility located within the United States has no bearing on this Court's jurisdiction. Thus, even if Petitioner is relocated to another facility or otherwise transferred outside this district, the Court's jurisdiction will remain over his habeas petition.

To the extent that Petitioner seeks an individualized bond hearing, the Court will also deny Petitioner's request. The very basis of a habeas action is to challenge the statutory or constitutional basis for detention.[13] Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now. The Court will not allow Petitioner to commit an end-run around the habeas process.

---

[10] Fed. R. Civ. P. 65.
[11] *See* R. Doc. 4-1 at 6.
[12] *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014); *see also McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978) (jurisdiction attaches upon the filing of a habeas petition); *see also Sambissa as next friend of Sambissa v. Noem*, No. EP-25-CV-00237-DCG, 2025 WL 2946619, at *3 (W.D. Tex. Aug 31, 2025) (holding that a detainee's post-filing relocation did not divest the court of jurisdiction); *see also Oliveira v. Patterson*, No. 6:25-CV-01463, 2025 WL 3091705, at *1 (W.D. La. Oct. 9, 2025) (ruling that the transfer of a petitioner to another facility located within the United States does not affect a court's jurisdiction).
[13] *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order (R. Doc. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that the Habeas Petition (R. Doc. 1) is referred to the Magistrate Judge for report and recommendation. The Respondents shall file their brief within 21 days of this Order, and the Petitioner will have 7 days to respond.

**THUS DONE AND SIGNED** in Chambers this 9th day of January, 2026.

_____
**JERRY EDWARDS, JR**
**UNITED STATES DISTRICT JUDGE**